STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                                SECOND JUDICIAL DISTRICT

---

Court File No.: _____

Case Type: 7 - Employment Discrimination

Tonda Collier-Sumrain,

      Plaintiff,

                              **SUMMONS**

vs.

Trane U.S. Inc.,

      Defendant.

---

**THIS SUMMONS IS DIRECTED TO DEFENDANT TRANE U.S. INC.**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

      HALUNEN & ASSOCIATES
      1650 IDS Center
      Minneapolis, MN 55402
      612-605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1



4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 5th day of September, 2012                  HALUNEN & ASSOCIATES

Clayton D. Halunen, #219721
Barbara J. Felt, #0228564
Ross D. Stadheim, #0392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

2

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF RAMSEY                                 SECOND JUDICIAL DISTRICT

---

Court File No.: _____

Case Type:  7 - Employment Discrimination

Tonda Collier-Sumrain,

        Plaintiff,

v.                                              **COMPLAINT AND**
                                                **JURY DEMAND**

Trane U.S. Inc.,

        Defendant.

---

Tonda Collier-Sumrain ("Plaintiff"), for her Complaint against Trane U.S. Inc., ("Defendant"),

states and alleges as follows:

## PARTIES

1.     Plaintiff is resident of the City of Fridley, County of Anoka, State of Minnesota.

2.     Defendant is a business with a location in the City of St. Paul, County of Ramsey,

State of Minnesota.

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked as violations occurred in the State of

Minnesota and involve state and federal law.

5.     Venue is appropriate because Defendant transacts a substantial amount of business in

the State of Minnesota and a substantial amount of the facts giving rise to this action occurred

within the borders of the State of Minnesota, County of Ramsey.

## FACTS

1

6.    Plaintiff was employed by Defendant from June 17, 2008 until her termination on July 17, 2012 as a Senior Supply Chain Financial Analyst at Defendant's St. Paul, Minnesota location. Plaintiff regularly worked with minimal supervision, with her annual performance reviews being either meets or exceeds expectations. Additionally, Plaintiff received merit increases of at least 3% every year she worked at Defendant.

7.    In or around early Fall 2011, Plaintiff informed her supervisor, Kimberly Boettcher ("Boettcher"), Finance Team Leader, as well as other managers that she would be interested in relocating to Davidson, North Carolina ("Davidson"), if needed.

8.    In or around January and February 2012, Boettcher told Plaintiff to train JP Rossi ("Rossi"), Financial Analyst, to perform her major job responsibilities. Plaintiff met with Rossi on two occasions and trained him for a total of approximately 10 hours. On information and belief, Rossi is in his mid-twenties.

9.    On February 1, 2012, Plaintiff was diagnosed with a severe iron deficiency that resulted in acute anemia, in addition to Vitamin D and B-12 deficiencies. On February 1, 2012, Plaintiff informed Boettcher of her diagnosis. Plaintiff's conditions required her to undergo weekly iron infusions, which lasted around three hours each. Boettcher asked Plaintiff to apply for intermittent Family and Medical Leave Act ("FMLA") leave for the time-off she needed.

10.    Plaintiff's conditions constitute disabilities.

11.    Plaintiff required four initial treatments, which she underwent on February 10th, 17th, 24th, and March 2nd. Plaintiff's physician completed her FMLA paperwork and submitted it to Hewitt, the company that administers Defendant's FMLA, on February 29, 2012. Her FMLA was approved on March 5, 2012.

2

12.     Plaintiff was informed by Hewitt that her absences had "exceeded expectations" in mid-March, 2012 and that she needed to complete an additional certification to continue with her FMLA. Plaintiff's physician filled out the additional FMLA certification and submitted it to Hewitt, in early April 2012.

13.     In a letter dated April 16, 2012, Plaintiff was denied FMLA and told that she had to use vacation time instead of short-term disability. Subsequently, Plaintiff's FMLA requests were denied two additional times, which required her physician to resubmit the same or similar paperwork to Hewitt. On June 21, 2012, Plaintiff was notified that her intermittent FMLA had been approved to cover her ongoing transfusions until March 2013.

14.     In 2009 and 2010, April Wehling, her supervisor at the time, told Plaintiff when she received her annual merit-based wage increases that she was too close to the end of the pay scale to receive anything above the minimum, but not mandatory, raise of 3.1%, due to her age. In 2011, Boettcher told Plaintiff similar.

15.     In or around April 2012, Kevin Reder, Plaintiff's Finance Operations Manager, told Plaintiff that it was Ingersoll Rand's, Defendant's parent company, policy to get rid of employees getting close to age 50 who have been in the same position for more than two years.

16.     On July 17, 2012, Boettcher told Plaintiff to report to the Human Resources office. Boettcher and Claudia Anderson ("Anderson"), Human Resources Representative, told Plaintiff that she was being terminated, effective August 3, 2012, due to a "department consolidation," and that her position was being moved to Davidson. Both employees emphasized that Plaintiff's termination was not performance related.

17.     During the course of that termination conversation, Plaintiff reiterated that she was and had been willing to move to Davidson for her job. Boettcher told Plaintiff that no relocation

3

was available to her. Plaintiff stated further that she did not require any assistance from Defendant in relocating to Davidson, but both employees ignored her and presented her with a severance package. Plaintiff asked if she was being terminated because of her FMLA leave. Again, the Boettcher and Anderson did not answer Plaintiff's question, but told her that she was free to post for her job in Davidson if it was ever posted. After, Plaintiff was handed her severance package and Boettcher escorted her out of the building.

18.    Plaintiff and Susan Schaff, an employee with a disability that also took and/or applied for FMLA leave in 2012, were the only finance employees terminated because of "department consolidation" and not offered any opportunity to relocate or maintain their positions. Plaintiff witnessed sixteen other employees relocate or move into other positions between 2011 and July 2012. Plaintiff and Susan Schaff were both in their mid-forties at the time of their terminations. Plaintiff was 44 years old.

19.    On information and belief, Rossi has assumed Plaintiff's former duties.

20.    As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment in life, loss of wages and benefits, and has incurred attorneys' fees and other expenses.

## CLAIMS

### COUNT ONE
### DISABILITY DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHST ACT

Plaintiff realleges each and every paragraph of this Complaint.

21.    Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et. seq. These

practices include, but are not limited to: altering the terms and conditions of Plaintiff's employment and terminating her employment because of her disability.

22.    Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's disability from occurring.

23.    Plaintiff's disability was a motivating factor in her termination.

24.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

25.    The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

26.    As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT TWO
## AGE DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

27.    Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et. seq.* These practices include, but are not limited to: altering the terms and conditions of Plaintiff's employment and terminating her employment because of her age.

28.     Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's age from occurring.

29.     Plaintiff's age was a motivating factor in her termination.

30.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her age.

31.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

32.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

### COUNT THREE
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff realleges each and every paragraph of this Complaint.

33.     Defendant engaged in unlawful employment practices involving Plaintiff in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* These practices include, but are not limited to: altering the terms and conditions of Plaintiff's employment during her FMLA leave, and; terminating Plaintiff's employment because of her FMLA leave.

34.     Plaintiff was retaliated against in the terms, conditions, and privileges of her employment after she exercised her rights under the FMLA and informed Defendant of her need for FMLA leave.

6

35.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because she exercised her rights under the FMLA.

36.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to the laws, which protect Plaintiff.

37.     As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a.     That the practices of Defendant complained of herein be adjudged, decreed and declared to be in violation of the rights secured to Plaintiff by state and federal law.

b.     That Defendant be required to make Plaintiff whole for its adverse, retaliatory and unlawful actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c.     That Plaintiff be awarded front pay and the monetary value of any employment benefits she would have been entitled to as an employee of Defendant.

d.     That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e.     That Plaintiff be awarded compensatory damages in an amount to be determined at trial.

f.     That Plaintiff be awarded punitive damages as permitted by statute.

7

g.    That Plaintiff be awarded treble damages as permitted by statute.

h.    That the Court award Plaintiff her attorneys' fees, costs and disbursements pursuant statute.

i.    That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE TRIAL BY JURY IS AVAILABLE.

Dated this 5ᵗʰ day of September, 2012.

HALUNEN & ASSOCIATES

Clayton D. Halunen, #219721
Barbara J. Felt, #0228564
Ross D. Stadheim, #0392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated this 5ᵗʰ day of September, 2012.

Ross D. Stadheim

8